UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FREDERICK BALDEO,

                    Plaintiff,                          **COMPLAINT**

           -against-                          **JURY TRIAL DEMANDED**

WENDY KEISER-O'NEILL, THE CITY OF NEW YORK,    Case No. :1:17-cv-5284
DET. NICHOLAS BARNARD (Tax Reg#923535),
LT. MICHAEL POTENZA (Tax Reg#918176), and
JOHN DOES, POLICE OFFICERS NAMES UNKNOWN,

                    Defendants.
-------------------------------------------------------------------x

       The Plaintiff, Frederick Baldeo, by and through his Attorneys, Addabbo & Greenberg by Todd D. Greenberg, Esq., complaining of the defendants, jointly and severally, respectfully allege, upon Information and belief, as follows:

## PRELIMINARY STATEMENT

       1.      Plaintiff, Frederick Baldeo, (hereinafter "Baldeo") brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S. §1983 and 42 U.S. §1988 for violations of his civil rights, as said rights are secured by said Statutes and the Constitutions of the State of New York and the United States. Plaintiff also assert Supplemental State Law claims.

## JURISDICTION

       2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367 (as to Defendant Wendy Keiser-O'Neill).

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff "Baldeo" is a citizen of the United States, and at all relevant times a resident of the County of Queens, City and State of New York.

7.      Plaintiff Baldeo is a full-time teacher with the New York State Department of Education.

8.      Defendant Wendy Keiser-O'Neill [hereinafter "Keiser"] was and is the owner of the business known as "The Avenue Physical Therapy & Chiropractic Care, PLLC", located at 103-12 Liberty Avenue, Queens, New York [hereinafter "the business"].

9.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned corporation, City of New York.

11.     That at all times herein mentioned, the individual named defendants, Detective Nicholas Barnard,  Lt. Michael Potenza, and Police Officer "John Doe"  ("City Defendants"), were duly sworn police officers of said department and were acting under the supervision of said

1

department and according to their official duties.

12.     That at all times hereinafter mentioned the aforementioned defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13.     Each and all acts of the City Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

15.     The City Defendants are sued in their individual and official capacities.

<u>FACTS</u>

16.     The "business" was established in March, 2004, with an agreement that Plaintiff Baldeo would work at the business on a daily basis, as his schedule permitted, to make sure that the business was operating to service patients and to address all pending issues including paper work as it related to patient records, billing, banking, mailings, paying office expenses, attending to attorney's medical record requests and scheduling IME's and other duties.

17.     On or about August 29, 2016, Plaintiff Baldeo observed the locks on the front door of the business changed. Plaintiff Baldeo also observed a handwritten sign affixed to the door stating "Access Authorized by Business Owner Only Dr. Wendy Keiser". Plaintiff Baldeo further observed the security cameras on the first and basement floors to have been tampered with. Plaintiff Baldeo also observed his basement storage room door to have been broken down and a hammer and crow bar to be lying next to the door.

18.     Upon making said observations, Plaintiff Baldeo called the police and filed a complaint under Complaint No.: 2016-106-05499.

19.     On or about August 30, 2016, upon approaching the business, Plaintiff Baldeo was physically stopped by Defendant Keiser from entering the business. Defendant Keiser called the New York City Police Department who further prohibited Plaintiff Baldeo from entering the business.

20.     On September 12, 2016, Plaintiff Baldeo was arrested and charged pursuant to New York State Penal Laws with Burglary in the Third Degree (PL §140.20), Petit Larceny (Penal Law §155.25), and Criminal Possession of Stolen Property in the Fifth Degree (PL §162.40).

21.     The Criminal Court Complaint set forth the following allegations:

a.   That on August 6, 2016, Complainant, Dr. Wendy Keiser-O'Neill terminated Baldeo's employment and changed the locks of her business, The Avenue Physical Therapy.

b.   That on or about August 30, 2016, Baldeo broke the door to the business and caused damage to the lock on said door.

c.   That Baldeo took multiple items from the business, including multiple insurance checks, computer programs, and patient files.

d.   That Baldeo had no permission or authority to take said property, and that Keiser is the lawful custodian of the property and the door.

e.   That Keiser is the legal custodian of the business and that Baldeo had no permission or authority to enter or remain inside the location.

f.   Plaintiff Baldeo was never terminated from the "Business".

22.     On September 12, 2016, Plaintiff Baldeo was held unlawfully and against his will at the 106th precinct. Despite the fact that Plaintiff Baldeo is a diabetic, he was held for hours without food, water, or medical care. During this detention, Plaintiff Baldeo was subjected to repeated interrogation, false accusations, and humiliation by Det. Barnard and Lt. Potenza. Plaintiff Baldeo was also held in handcuffs.

23.     Plaintiff Baldeo agreed to turn over the paperwork from the business to show that the property was not stolen and over twelve (12) years of paperwork were produced and submitted to Det. Barnard and Lt. Potenza. Upon receipt of said paperwork, Det. Barnard admitted that the paperwork was not stolen. He further admitted that he had kicked Defendant Keiser out of the precinct on multiple occasions and referred to her as "that crazy woman". Despite these admissions, Det. Barnard still arrested Plaintiff Baldeo and issued him a Desk Appearance Ticket.

24.     The false allegations by Defendant Keiser caused Plaintiff Baldeo to be taken before a Judge in the Criminal Court of the City of New York for an arraignment where he was released on his own recognizance.

25.     On or about September 14, 2016, Plaintiff Baldeo was suspended by the New York State Department of Education from all after school activities and/or coaching.

26.     Thereafter, Plaintiff was forced to appear in Criminal Court, City of New York on December 13, 2016, January 23, 2017, and March 13, 2017.

27.     On March 13, 2017, the District Attorney stated to the Court that the People were dismissing the case.

28.     The Defendants falsely arrested and charged Plaintiff Baldeo with Burglary in the Third Degree, Petit Larceny, and Criminal Possession of Stolen Property in the Fifth Degree.

29. Moreover, Plaintiff Baldeo's reputation in the teaching profession, business profession, and professional and personal community, has been tainted and defamed.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Deprivation of Rights under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

32. All of the aforementioned acts deprived Plaintiff Baldeo of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of U.S.C. 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and/or while acting as agents of the city of New York, with the entire actual and/or apparent authority attendant thereto.

34. The acts of complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION

(Deprivation of Rights under 42 U.S.C. § 1983;
False Arrest under 42 U.S.C. §19832)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37.     As a result of the aforesaid conduct by defendants, Plaintiff Baldeo was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38.     As a result of the foregoing, Plaintiff Baldeo's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C.§1983)
Deprivation of Rights under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants misrepresented and falsified evidence in the Criminal Court Complaint and under oath in Court.

41.     Defendants did not make a complete and full statement of facts to the District Attorney.

42.     Defendants withheld exculpatory evidence from the District Attorney.

43.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

44.     Defendants lacked probable cause to initiate criminal proceedings against Plaintiff Baldeo.

45.     Defendants acted with malice in initiating criminal proceedings against Plaintiff Baldeo by bringing false criminal charges.

46.     Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff Baldeo.

47.     Notwithstanding the conduct of defendants, the criminal proceedings were terminated in Plaintiff Baldeo's favor on March 13, 2017, when all charges were dismissed.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy under 42 U.S.C. §1985)

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants conspired to deprive Plaintiff of the aforementioned constitutional rights.

## PENDANT STATE LAW CLAIMS

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" with the same force and effect as more fully set forth herein.\

51.     This action was commenced within one (1) year after the cause of action herein accrued.

## AS AND FOR A FIFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants arrested Plaintiff Baldeo in the absence of probable cause and without a warrant.

54.     As a result of the aforesaid conduct by defendants, Plaintiff Baldeo was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

55.     The aforesaid actions by the defendants constituted a deprivation of Plaintiff Baldeo's rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Unlawful Imprisonment under the laws of the State of New York)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     As a result of the foregoing, Plaintiff Baldeo was falsely imprisoned, his liberty was restricted for an extended period of time, and he was humiliated and subjected to handcuffing and other physical restraint.

58.     Plaintiff Baldeo was conscious of said confinement and did not consent to same.

59.     The confinement of Plaintiff Baldeo was without probable cause and was not otherwise privileged.

60.     As a result of the aforementioned conduct, Plaintiff Baldeo has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Criminal proceedings were commenced and continued against Plaintiff Baldeo which falsely and maliciously charged plaintiff with the commission of criminal acts.

8

63. Defendants, with the consent and participation of one another, continued said proceeding despite the fact they knew or should have known that Plaintiff Baldeo had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for arrest and imprisonment of plaintiff.

64. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff Baldeo.

65. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff Baldeo.

66. Defendants were motivated by actual malice in initiating criminal proceedings against Plaintiff Baldeo.

67. Defendants misrepresented and falsified evidence before the District Attorney.

68. Defendants did not make a complete and full statement of facts to the District Attorney.

69. Defendants withheld exculpatory evidence in the continuation of criminal proceedings against Plaintiff Baldeo.

70. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff Baldeo.

71. Defendants lacked probable cause to continue criminal proceedings against Plaintiff Baldeo.

72. Despite the conduct of the defendants, the criminal proceedings ended in a favorable termination when all charges against Plaintiff Baldeo were dismissed.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

73.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     The aforementioned conduct perpetrated by each of the Defendants herein was extreme, outrageous, and exceeded all reasonable bounds of decency.

75.     The aforementioned conduct was committed by City Defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

76.     The aforementioned conduct was committed by City Defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

77.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff Baldeo.

78.     As a result of the aforementioned conduct, Plaintiff Baldeo suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A NINTH ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

79.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Upon information and belief, Defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Plaintiff Baldeo.

81.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

heretofore alleged in this Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

82.      Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.      Upon information and belief the Defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Plaintiff Baldeo.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Respondeat Superior liability under the laws of the State of New York)

84.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.      Defendant City of New York is vicariously liable for the acts of its employees and agents, including its officers, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

86.      As a result of the foregoing, Plaintiff Baldeo is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff Frederick Baldeo demands judgment and prays for the following relief, jointly and severally, against the defendants:

      a.   full and fair compensatory damages in an amount to be  determined by a jury;

      b.   punitive damages in an amount to be determined by a jury;

      c.   reasonable attorney's fees and the costs and disbursements of this action; and

d.  such other and further relief as appears just and proper.

Dated:   Forest Hills, NY
         September 7, 2017

Yours, etc.

Todd D. Greenberg, Esq.
ADDABBO & GREENBERG
Attorneys for Plaintiff
FREDERICK BALDEO
118-21 Queens Boulevard
Forest Hills, NY 11375
Tel. No. 718-268-0400

## VERIFICATION

STATE OF NEW YORK      }
                                    SS. :}
COUNTY OF QUEENS      }

FREDERICK BALDEO, being duly sworn, deposes and says: I am the Petitioner in this

matter. I have read the foregoing Summons and Complaint and know the contents thereof. The

same are true to my knowledge, except as to matters therein stated to be alleged on information

and belief and as to those matters I believe them to be true

FREDERICK BALDEO

Sworn to before me this
7th day of September, 2017

Notary Public

TODD D GREENBERG
Notary Public, State Of New York
No. 4751964
Qualified In Nassau County
Commission Expires April 30, 20 __

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No. ........................   20

FREDERICK BALDEO,

Plaintiff,

-against-

WENDY KEISER-O'NEILL, THE CITY OF NEW YORK,
DET. NICHOLAS BARNARD (Tax Reg#923535), LT. MICHAEL POTENZA (Tax
Reg#91876), and JOHN DOES, POLICE OFFICERS NAMES UNKNOWN,

Defendants,

---

## SUMMONS AND VERIFIED COMPLAINT

---

**ADDABBO AND GREENBERG**

Attorneys for **Plaintiff**
Office and Post Office Address
118-21 QUEENS BLVD.
FOREST HILLS, N.Y. 11375
(718) 268-0400

To:                                                        Esq.

---

Attorney for

Service of a copy of the within

is hereby admitted.

Dated, N.Y.,                                        20

Attorney for

---

## NOTICE OF ENTRY

Sir :  **PLEASE TAKE NOTICE** that the within is a true-
certified-copy of a

duly entered in the office of the clerk of the within
named court

on

Dated:                                                        20

Yours, etc.,

**ADDABBO AND GREENBERG**

Attorneys for
Office and Post Office Address
118-21 QUEENS BLVD.
FOREST HILLS, N.Y. 11375

To

Attorney for

---

## NOTICE OF SETTLEMENT

Sir :  **PLEASE TAKE NOTICE** that

of which the within is a true copy will be presented for
settlement to Mr. Justice

one of the Justices of the within named Court

at

on the                    day of                    20

at                        M.

Dated:                                                20

Yours, etc.,

**ADDABBO AND GREENBERG**

Attorneys for
Office and Post Office Address
118-21 QUEENS BLVD.
FOREST HILLS, N.Y. 11376

To:                                                        Esq .

Attorney for